UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANIE AKPE-LEWIS,             :
                             :
              Plaintiff,    :
                             :
     v.                      :       **DECISION & ORDER**
                             :       20-CV-2453 (WFK)(RML)
MUNICIPAL CREDIT UNION, *et al.*, :
                             :
              Defendants.   :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** On March 16, 2020, Anie Akpe-Lewis ("Plaintiff") filed a complaint in state court against her former employer, Municipal Credit Union ("MCU") and a number of its employees ("Defendants"). On June 3, 2020, Defendants removed this action to federal court. ECF No. 1. Plaintiff brings claims for (1) gender discrimination and/or sexual harassment, in violation of New York State Executive Law § 296(1)(a) ("NYSHRL") and Chapter 1, Title 8 of the Administrative Code of the City of New York ("NYCHRL"); (2) unlawful retaliation for Plaintiff's complaints of gender discrimination and/or sexual harassment, in violation of Title VII, NYSHRL and the NYCHRL; (3) violation of the New York State Non-Profit Revitalization Act § 715-B ("NPRA"); (4) failure to pay wages and wage supplements/benefits, in violation of New York Labor Law § 190, *et seq.* ("NYSLL"), and the Fair Labor Standards Act ("FLSA"); (5) unlawful retaliation for complaints of unpaid wages and wage supplements/benefits, in violation of New York Labor Law § 215 ("Wage Theft Prevention Act") and the FLSA; (6) breach of contract; (7) breach of guarantee and implied covenant of fair dealing; (8) promissory estoppel; (9) breach of the Employee Retirement Income Security Act of 1974 § 510 ("ERISA"); and (10) aiding and abetting as against all the individual defendants. On November 20, 2020, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 34. For the reasons set forth below, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's gender discrimination, sexual harassment, and related retaliation claims, as well as her claims asserted under the New York State Non-Profit Revitalization Act § 715-B as asserted against MCU and Individual Defendants Kohn, Mashburn and Wong survive Defendants' motion to dismiss. All other claims are dismissed.

## BACKGROUND

Municipal Credit Union ("MCU" or "Defendant") is a non-profit organization that provides banking, lending, and loan services to its clients. Compl. ¶ 5. From November 2002 through June 2019, Anie Akpe-Lewis ("Plaintiff") was employed by MCU as a Loan Originator and then as Vice President of Mortgage Operations. *Id.* ¶ 119. From October 2018 through February 2019, Defendant Kohn was MCU's Chief Executive Officer and Plaintiff's supervisor.

*Id.* ¶¶ 177–78, 24. Defendant Rica succeeded Kohn as CEO, and Plaintiff's supervisor until May 2019. *Id.* ¶¶ 26, 184. From May 2019 until June 2019 when Plaintiff was discharged, Defendant Woods was CEO and Plaintiff's supervisor. *Id.* ¶¶ 22, 29, 185. Defendants Mashburn, DiStefano, and Jiang were also Plaintiff's supervisors during her employment. *Id.* ¶¶ 25, 27, 28. In June 2019, Defendant Wong, who was also Plaintiff's supervisor and MCU CEO for a period of time, was convicted of embezzling approximately $10 million from MCU and was sentenced to five and a half years in prison. *Id.* ¶¶ 23, 176.

Plaintiff alleges that between October 2007 and December 2017, she was "constantly being propositioned to have an intimate and illicit sexual relationship with, and otherwise being the subject of sexual advances by Wong." *Id.* ¶ 161. Plaintiff alleges she rejected Wong's sexual advances and reported the advances to Defendant Kohn. *Id.* ¶ 162. However, she alleges, MCU did not investigate the alleged harassment and Kohn repeatedly admonished Plaintiff "for seeking to protect her legal rights." *Id.* ¶ 164.

Plaintiff further alleges she was denied salary increases in 2018 and 2019; was denied regular performance evaluations despite provisions of the employee handbook requiring them; was given a 50% bonus reduction from 2015 through 2019; was excluded from monthly meetings with other Vice Presidents and from various MCU committee appointments; and was ridiculed for her "afro hairstyle" and forced to pin down her hair. *Id.* ¶ 173.

Plaintiff alleges that throughout her tenure at MCU, she noticed suspicious behavior she suspected was indicative of illegal and fraudulent activity within the company. *Id.* ¶¶ 166, 119. Plaintiff reported her suspicions to Defendant Kohn in 2016 and 2018. *Id.* ¶ 167. Plaintiff alleges Kohn told her that her concerns would be investigated and any issues remedied. *Id.* In May 2018, MCU retained outside counsel, Melissa Jampol, and initiated an internal investigation

into Wong's alleged fraudulent activities. *Id.* ¶ 168. In May 2018, Plaintiff reported the alleged sexual harassment and retaliation; denial of salary increases for two years; the alleged 50% bonus reduction for four years; the alleged exclusion from monthly meetings; and the ridicule for her "afro hairstyle" to Jampol. *Id.* ¶ 173. In June 2018, Wong was terminated from MCU. *Id.* ¶ 174.

In connection with the investigation into Wong, Plaintiff herself "undertook to investigate, research, analyze and report on the books, records, business and clients of MCU." *Id.* ¶171. Plaintiff alleges that after Wong was terminated, Jampol instructed her to continue her own investigation into the company. *Id.* ¶ 175. From May 2018 to January 2019, Plaintiff allegedly uncovered evidence which she disclosed to Jampol and others of additional concerning activity within the company including an increase in the number of default payments and instances of loans being approved based on inaccurate or fraudulent information. *Id.* ¶¶179–80.

In February 2019, MCU created a new position—Head of Residential Lending. *Id.* ¶ 183A. Plaintiff alleges MCU hired Defendant DiStefano without providing Plaintiff any opportunity to apply. *Id.* Plaintiff also alleges she was told she would be receiving a written evaluation but did not receive one. *Id.* ¶ 183B. Plaintiff did not receive a bonus despite it being advised that bonuses were to be announced in March 2019. *Id.* ¶183C. Plaintiff also alleges she was "stripped of much of her duties and responsibilities (including the daily management and supervision of her department staff)" without warning. *Id.* ¶183D.

In April 2019, when Plaintiff complained about retaliation, Plaintiff alleges Defendant Mashburn dismissed her complaints, told Plaintiff she was "lucky to have a job" and warned Plaintiff that by continuing to complain she was talking herself out of a job. *Id.* ¶ 183E. On May 17, 2019, the Department of Financial Services ("DFS") took possession of MCU "because of

3

unsafe and unsound conditions" and "appointed the National Credit Union Administration (NCUA) as conservator." *Id.*

On June 26, 2019, MCU terminated Plaintiff's employment. *Id.* ¶ 186G. Plaintiff was not offered severance pay and was not offered benefits during a severance period. *Id.* ¶ 186I, J. After termination, Plaintiff received unemployment insurance benefits. *Id.* ¶ 188. In January 2019, the National Credit Union Association ("NCUA") held a meeting regarding the Wong Investigation during which Plaintiff allegedly relayed various complaints to those in attendance including Defendants Ricca and Kohn. *Id.* ¶¶ 181–82.

On October 8, 2019, Plaintiff filed a charge with the EEOC, *id.* ¶ 192, and on February 1, 2020, the EEOC issued a Notice of Right to Sue letter, *id.* ¶ 193. On March 17, 2020, Plaintiff filed her Complaint in State Court. On June 3, 2020, MCU removed the action to this Court. *See* ECF. No. 1, Notice of Removal. Defendants then moved to dismiss the Complaint in its entirety. For the reasons set forth below, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Cox v. Spirit Airlines*, 786 Fed. App'x. 283, 284–85 (2d Cir. Sept. 10, 2019) (summary order). A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not

4

raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In considering a motion to dismiss, the Court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Id.* at 555; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). But a complaint should be dismissed only where it seems beyond doubt the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005) (internal citations omitted).

## DISCUSSION

### I. Plaintiff's Harassment and Discrimination Claims

As an initial matter, it is unclear from the face of the Complaint whether Plaintiff intends to pursue theories of gender discrimination or sexual harassment or both, as she appears to use these terms interchangeably. In an abundance of caution, Defendants addressed both claims in their motion to dismiss. However, in Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff does not appear to pursue a claim of gender discrimination. In other words, she does not appear to argue that she was fired because she was a woman. Plaintiff addresses only claims of "sexual harassment," and related claims of retaliation arising from Defendant Wong's repeated sexual advances, though she continues to use the term "discrimination" and "harassment" interchangeably.

Additionally, Plaintiff's sexual harassment claims under Title VII were dismissed by stipulation on October 7, 2020. ECF No. 24. Accordingly, this Court concludes that Plaintiff's only remaining sexual harassment claims are brought under the New York State Human Rights

Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Plaintiff's retaliation claims are brought under Title VII, the NYSHRL and the NYCHRL. For the reasons set forth below, Defendants' motion to dismiss Plaintiff's sexual harassment and retaliation claims is DENIED.

A. <u>Whether Plaintiff's Harassment and Discrimination Claims are Time Barred</u>

Under the NYSHRL and NYCHRL, Plaintiff must bring her claim within three years of the alleged misconduct. *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 246 (E.D.N.Y. May 12, 2015) (Kuntz, J.) ("[T]he statute of limitations for claims under both the NYSHRL and NYCHRL is three years."). "However, the court can go beyond the three-year period to determine liability in hostile environment claims if the conduct is of a continuous nature and at least one discriminatory act falls within the statute of limitations" (internal citations omitted). *Jacobs v. Schulhof*, 2017 N.Y. Slip Op. 31768, 5 (N.Y. Sup. Ct. 2017). Further, "a continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice. Where a continuing violation can be shown, the plaintiff is entitled to bring suit challenging all conduct that was a part of that violation, even conduct that occurred outside the limitations period." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994) (internal citations omitted). Plaintiff alleges sexual advances were made by Wong "between on or about October 2007 through December 2017." Compl. ¶ 161. Plaintiff alleges a continuous pattern of pervasive hostile harassment, which continued beyond and within the statute of limitations. Accordingly, the continuing violation doctrine applies, and Plaintiff's discrimination claims are not time barred.

B. <u>Plaintiff's Sexual Harassment Claims Survive Defendants' Motion to Dismiss</u>

6

Under both the NYSHRL and the NYCHRL, federal standards are used to determine hostile environment and harassment claims. *Walsh v. Covenant House*, 664 N.Y.S.2d 282, 283 (1st Dep't 1997). "Sexual harassment under Title VII includes unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Walter v. Westdeutscher Rundfunk*, 03-CV-5676, 2004 WL 1052776, at *4 (S.D.N.Y. May 11, 2004) (Francis, Mag.), *report and recommendation adopted in part*, 03-CV-5676, 2004 WL 1238382 (S.D.N.Y. June 2, 2004) (Kaplan, J.).

"There are two types of sexual harassment claims: (1) claims based on direct discrimination (also called *quid pro quo* sexual harassment), and (2) claims based on a hostile environment due to sexual harassment." *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 579 (S.D.N.Y. 2011) (McMahon, J.). *Quid Pro Quo* sexual harassment, "occurs when an employer alters an employee's job conditions or withholds an economic benefit because the employee refuses to submit to sexual demands." *Id.* The second type of sexual harassment, called hostile environment, "occurs when an employer's conduct 'has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.'" *Id.* (quoting *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 65 (1986)).

Plaintiff alleges she was constantly being propositioned to have an intimate and illicit sexual relationship with, and otherwise being the subject of sexual advances by, Wong. Further, Plaintiff alleges Defendant Kohn dismissed Plaintiff's complaints and MCU failed to investigate her complaints. Plaintiff further alleges that rather than investigating and remediating the alleged

7

sexual harassment by Wong, Defendants denied Plaintiff salary increases, subjected her to reduced bonuses, denied her regular evaluations, excluded her from monthly meetings with her colleagues and from committee appoints, and ridiculed her for her afro hairstyle. Given Plaintiff's minimal pleading burden at this stage, the facts should be further explored during discovery. Accordingly, Defendants' motion to dismiss Plaintiff's sexual harassment claim is DENIED.

## II.  Plaintiff's Retaliation Claims

Defendants next move to dismiss Plaintiff's retaliation claims brought pursuant to Title VII, the NYSHRL, and the NYCHRL ("the Discrimination Retaliation Claims"). To state a prima facie case of retaliation under Title VII and the NYSHRL, Plaintiff must demonstrate that: (1) she engaged in protected activity; (2) Defendants were aware of Plaintiff's participation in the protected activity at the time of the adverse employment action; (3) she suffered a materially adverse employment action; and (4) there exists a causal connection between Plaintiff's protected activity and the alleged adverse action. *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs*, P.C., 716 F.3d 10, 14 (2d Cir. 2013); *Westbrook v. City Univ. of N.Y.*, 591 F. Supp. 2d 207, 234 (E.D.N.Y. 2008) (Gershon, J.). To establish a prima facie retaliation claim under the NYCHRL, "the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013). In addition, the plaintiff must show that "a causal connection existed between the protected activity and the negative employment action." *Fattoruso v. Hilton Grand Vacations Co.*, 525 F. App'x 26, 27 (2d Cir. 2013) (summary order).

Plaintiff alleges that she rejected sexual advances and complained of sex harassment, thus

meeting the first and second prongs of the Title VII and NYSHRL test. Plaintiff also meets the third prong of the test because she alleges that she was subjected to various adverse employment actions: no salary increases in 2018 and 2019; a reduced bonus in 2015–2019; the denial of an opportunity to apply for Head of Residential Lending role filled by Defendant DiStefano in February 2019; and the termination of her employment in June 2019. Plaintiff also satisfies the causation prong. As set forth above, Plaintiff alleges she repeatedly complained about unwanted sexual advances by Wong and suspicious conduct at the company. At least one complaint, allegedly made by Plaintiff in January 2019 is close enough in time to Plaintiff's June 2019 termination to protect Plaintiff's retaliation claims from dismissal at this stage of the litigation. Plaintiff is entitled to develop a more robust factual record on her retaliation claims; Defendants' motion to dismiss these claims is DENIED.

### III.  Plaintiff's Claim Under the New York State Whistleblower Statute

Defendants next move to dismiss Plaintiff's claims under New York State's Not-for-Profit Corp. Law("NPCL") §715-b. NPCL § 715-b "is intended to protect, among others, employees who in good faith report any action or suspected action taken by or within the corporation that is illegal, fraudulent, or in violation of any adopted policy of the corporation from retaliation or adverse employment consequences." *Ferris v. Lustgarten Found.*, 138 N.Y.S.3d 517, 521 (2d Dep't 2020).Defendants argue Plaintiff's §715-b claim must be dismissed because (1) no private right of action exists under the law and (2) Plaintiff has failed to allege any facts from which to plausibly conclude that she was retaliated against in violation of §715-b. However, since Defendants' original briefing on this motion, the New York Appellate Division, Second Department held in *Ferris v. Lustgarten Found.*, that "§ 715–b creates an implied private right of action for employees who are retaliated against or subject to adverse employment

consequences as a result of whistleblowing activities." *Id.* Accordingly, Plaintiff does have a private right of action under this law.

Plaintiff has alleged sufficient facts to survive Defendants' motion to dismiss this claim. Specifically, Plaintiff alleges MCU violated the NPCL by failing to maintain a proper whistleblower policy. Further, Plaintiff alleges she discovered an increasing number of defaults on MCU installment loans, which she suspected were indicative of illegality, including fraud. She then reported this suspicion to Defendant Kohn in Spring 2016 and Spring 2018. Plaintiff then alleges that between May 2018 and January 2019, she disclosed additional financial improprieties to MCU and its agents. Plaintiff was then terminated in June 2019. These allegations are sufficient to withstand dismissal of Plaintiff's §715-b claim. She has sufficiently pled that she engaged in whistleblowing activities protected under the act, and as a proximate result was subject to retaliatory treatment, including termination. For these reasons, Defendants' motion to dismiss Plaintiff's §715-b claim is DENIED.

**IV.    Plaintiff's Wage Claims**

Defendants next move to dismiss Plaintiff's wage claims. Plaintiff asserts various violations of the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") based upon the following alleged misconduct: (1) Plaintiff was "denied salary increases for two (2) years for (2018 and 2019)"; and (2) Plaintiff was "subjected to a 50% reduction of bonuses for four (4) years (2015-2019)." Compl. ¶¶ 165A, 165B; *see also id.* ¶¶ 173ii; 173iii, 183C. Because the relied upon provisions of the NYLL and FLSA are not applicable, and insufficient facts have been alleged to plausibly state a claim under these sections, this Court GRANTS Defendants' motion to dismiss these claims.

A. Plaintiff's §193 NYLL Claim

10

Plaintiff alleges MCU improperly deducted "Wages and Wage Supplements" in violation of §193 of the New York Labor Law ("NYLL § 193"). Compl. ¶¶ 319–36. Plaintiff, however, has not alleged facts sufficient to state a plausible claim under this statute. NYLL § 193 provides that "No employer shall make any deduction from the wages of an employee, except . . . " under certain specific circumstances. Plaintiff does not allege any specific "deduction" from her wages. Instead, Plaintiff alleges that she was not given certain salary *increases* or bonuses without further detail. *Id.* ¶¶ 165A, 165B. Accordingly, this section is inapplicable. Defendant's motion to dismiss Plaintiff's NYLL § 193 claim is GRANTED.

B. Plaintiff's FLSA Claim

Plaintiff also alleges a failure to pay wages in violation of the FLSA but has pleaded no facts to support this claim. Compl. ¶¶ 374–89. In general, the FLSA "stablishes minimum wage, overtime pay, recordkeeping, and other employment standards. . . . ." 29 U.S.C. § 216(b). . Covered, nonexempt workers are entitled to minimum wage and overtime after 40 hours of work in a workweek. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31 (E.D.N.Y. 2015) (Mauskopf, J.). Plaintiff, an exempt employee who earned well over one-hundred thousand dollars at the time of discharge, does not claim that MCU failed to pay minimum wage or overtime. Nor does Plaintiff identify any section of the FLSA that purportedly was violated. Accordingly, Plaintiff's FLSA claim is hereby DISMISSED.

C. Plaintiff's NYLL §215 Retaliation Claim

Plaintiff also alleges retaliation in violation of §215 of the NYLL. *Id.* ¶¶ 337–51. NYLL §215 prohibits retaliation against employees who complain of a violation of the NYLL. N.Y. Lab. Law § 215; *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 582 (2d Cir. 2020) (summary order) (*citing* N.Y. Lab. Law § 215). Plaintiff, however, fails to assert any facts from

11

which the Court can plausibly conclude she engaged in protected activity or was subjected to retaliation as a result. Her allegation that she "repeatedly complained to the Employer and the Individual Tortfeasors of the unpaid Wages" is conclusory and formulaic. Compl. ¶ 347. Plaintiff does not allege what "unpaid wages" or provisions of the NYLL she complained about, to whom she made such complaints, or when she made such complaints. As such, this claim is DISMISSED.

### D. FLSA Retaliation Claim

Similarly, Plaintiff purports to allege retaliation in violation of the FLSA but has pleaded no facts to support this claim. Compl. ¶¶ 390–404. Section 15(a)(3) of the FLSA states, in relevant part, that it would be unlawful to "discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . . ." 29 U.S.C. § 215(a)(3). To assert an FLSA retaliation claim, a plaintiff must "make an assertion of rights protected by the statute in order to establish he or she engaged in a protected activity." *Aflalo v. Cantor Fitzgerald, L.P.*, 298 F. Supp. 3d 688, 696 (S.D.N.Y. 2018) (Broderick, J.) (internal citations and quotation marks omitted). Since Plaintiff fails to allege that she complained of an FLSA violation and fails to allege any fact from which to plausibly connect such complaint to an adverse action, her FLSA retaliation claim is hereby DISMISSED.

## V. Plaintiff's Contractual and Quasi-Contractual Claims

Plaintiff also asserts contractual and quasi-contractual claims all based upon various provisions of an employee handbook. For the reasons set forth below, these claims are DISMISSED.

### A. Breach of Contract Claim

Plaintiff's breach of contract claim must be dismissed because she has not properly pled facts to support any claim or the existence of any binding contract. Instead, Plaintiff's entire claim is premised solely upon discrete policies purportedly contained within MCU's employee handbook. Compl. ¶¶ 406, 413, 423. However, "[t]he New York Court of Appeals has admonished that this is a difficult pleading burden, and that routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements." *Bernhardt v. Tradition N. Am.*, 676 F. Supp. 2d 301, 305 (S.D.N.Y. 2009) (Stein, J.) (*citing Sabetay v. Sterling Drug*, 69 N.Y.2d 329, 334 (1987)).

"To establish that such policies are a part of the employment contract, an employee alleging a breach of implied contract must prove that (1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment." *Baron v. Port Auth.*, 271 F.3d 81, 85 (2d Cir. 2001) (*citing Lobosco v. New York Tel.*, 96 N.Y.2d 312, 316 (2001)). Plaintiff has failed to allege any facts in support of this claim. Accordingly, the claim is DISMISSED.

B. <u>Quasi Contractual Claims</u>

Plaintiff also brings breach of guaranteed and implied covenant of fair dealing and promissory estoppel claims against Defendants. Under New York law, a sustainable claim for the violation of the covenant of good faith and fair dealing requires "facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." *Aventine Inv. Mgmt. Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 513 (2d Dep't 1999); *Ruderman v. Stern*, 800 N.Y.S.2d 356 (Sup. Ct. Kings Cty. Oct. 25, 2004). However, "a separate cause of action for breach of the implied covenant of good faith

and fair dealing is duplicative of a cause of action for breach of contract and thus, New York does not recognize a separate cause of action for violation of the implied covenant of good faith and fair dealing." *Barker v. Time Warner Cable, Inc.*, 2009 N.Y. Slip. Op. 51446, ¶ 5, (Sup. Ct. Nassau Cty. 2009); *see also Nikitovich v. O'Neal*, 40 A.D.3d 300, 301 (1st Dep't 2007). As Plaintiff's breach of contract claim is unsustainable, Plaintiff's claim for breach of implied covenant of good faith must also fail.

Plaintiff's promissory estoppel claims likewise must be dismissed "because New York law does not recognize promissory estoppel in the employment context." *Watson v. Richmond Univ. Med. Ctr.*, 14-CV-1033, 2015 WL 5316233, at *5 (E.D.N.Y. Aug. 19, 2015) (Bloom, Mag.), *report and recommendation adopted*, 14-CV-1033, 2015 WL 5316244 (E.D.N.Y. Sept. 11, 2015) (Mauskopf, J.) (internal citations and quotation marks omitted).

## VI. Plaintiff's ERISA Claim

Plaintiff also brings a claim under §510 of ERISA. Section 510 provides, in relevant part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under [an employee benefit plan] . . . .

29 U.S.C. § 1140.

As the Second Circuit has explained, "Section 510 was designed primarily to prevent unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights." *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988) (internal citations and quotations omitted).

Plaintiff's ERISA claim must be dismissed because she does not allege facts from which it can plausibly be concluded that MCU interfered with the attainment of any right pursuant to an

employee benefit plan. Unlike the claims §510 was designed to remedy, terminating Plaintiff's employment did not keep Plaintiff from obtaining some vested pension right. To the contrary, Plaintiff apparently seeks to recover benefits that she argues should have been paid during a post-termination severance period pursuant to a policy in an employee handbook. But, even if the policy did state she was entitled to severance payments as alleged, there is no allegation that the policy entitled Plaintiff to benefits during the severance period. Accordingly, this claim is DISMISSED.

### VII. Claims Against Individual Defendants

In addition to claims against MCU, Plaintiff brings claims against individual defendants: Kam Wong, Norman Kohn, Shannon Mashburn, Sonita Di Franco, Stella Jiang, and Kay Woods (hereinafter, the "Individual Defendants") alleging they aided and abetted MCU's sexual harassment, gender discrimination and retaliation against Plaintiff. Defendants move to dismiss these claims for failure to state a claim.

"[A]ider-and-abettor liability may extend to supervisors who failed to investigate or take appropriate remedial measures despite being informed about the existence of alleged discriminatory conduct." *Morgan v. NYS Atty. Gen.'s Office,* 11–CV–9389, 2013 WL 491525, at *13 (S.D.N.Y. Feb. 08, 2013) (Castel, J.). As to Defendant Woods, there are no factual allegations whatsoever regarding her involvement in any alleged wrongdoing. Woods is alleged to have been CEO at the time of Plaintiff's termination. That fact alone does not render her individually liable for any of the claims asserted in Plaintiff's Complaint.

As to Defendant Jiang, the only allegation is that Jiang (a member of MCU's human resources team) was present during Plaintiff's termination. No allegation is made that Plaintiff otherwise interacted with Jiang at any time during her employment or that Jiang otherwise

engaged in any wrongdoing. This is insufficient to establish individual liability for any of the claims asserted in Plaintiff's Complaint.

As to Defendant DiStefano, almost no facts are alleged about her in the Complaint. Her only alleged factual involvement in the entire Complaint is that (1) she was selected for the Head of Residential Lending position; (2) she allowed an individual named Godfrey Samuel to disrespect Plaintiff (without any factual detail as to how, or what was said or when); and (3) she was present during Plaintiff's termination meeting. This is similarly insufficient for individual liability for any of the claims asserted in Plaintiff's Complaint.

As to Defendant Ricca, Plaintiff alleges he attended one meeting in January 2019 with five other individuals during which Plaintiff purportedly made various complaints. However, no facts are alleged to support a conclusion that Ricca acted unlawfully with respect to those complaints during the meeting or at any other time. By Plaintiff's own allegations, Ricca no longer was employed at the time of Plaintiff's June 26, 2019 termination. There is no allegation that he had any role in any other alleged adverse act. Once again, this is insufficient to establish individual liability for any of the claims asserted in Plaintiff's Complaint.

However, with respect to Defendant Kohn, Plaintiff alleges she reported Wong's sexual advances to Kohn and that he admonished Plaintiff for doing so. Compl. ¶¶162–64. Similarly, Plaintiff alleges Defendant Mashburn dismissed her complaints, told Plaintiff she was "lucky to have a job" and warned her that by continuing to complaint she was talking herself out of a job. At this early stage of the litigation, these allegations are sufficient to withstand dismissal of Plaintiff's remaining claims against Defendant Kohn and Defendant Mashburn.

Finally, Defendant Wong is not represented by counsel and has not moved to dismiss the claims against him. Accordingly, Defendant Wong remains in this action. In sum, the remaining

claims, as outlined above, against the individual Defendants, except Defendants Kohn, Mashburn, and Wong, are hereby DISMISSED.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's sexual harassment and related retaliation claims and her claims arising under §715-b survive Defendants' motion to dismiss as asserted against MCU and Defendants Kohn, Mashburn, and Wong. All other claims are dismissed. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 15.

**SO ORDERED.**

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2021
       Brooklyn, New York