**GOLENBOCK EISEMAN
ASSOR BELL & PESKOE** LLP

Attorneys at Law  |  711 Third Ave.,  New York, NY  10017-4014
T  (212) 907-7300  |  F  (212) 754-0330 |  www.golenbock.com

Direct Dial No.: (212) 907-7360
Direct Fax No.: (212) 754-0330
Email Address: mhyman@golenbock.com

January 23, 2023

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

**Via ECF**

      Re:     **Akpe-Lewis v. Municipal Credit Union et al
                1:20-cv-02453 (WFK) (RML)**

Dear Judge Levy:

      We write to request a conference with the Court in the above-referenced matter.

      Last month, we were asked by the Director of the Eastern District Mediation Advocacy Program to serve as pro bono mediation counsel for plaintiff Anie Akpe-Lewis.  A review of the docket indicated that Judge Kuntz had denied on November 8, 2021, as against defendants Municipal Credit Union, Kohn, Mashburn and Wong, motions to dismiss plaintiff's claims for gender discrimination, sexual harassment, and related retaliation claims, as well as her claims asserted under the New York State Not-for-Profit Corporation Law § 715-B.  On November 7, 2022,  the parties were ordered to engage in mediation, to be completed by February 28, 2023.  We agreed to serve as pro bono mediation counsel and filed our appearances on December 22, 2022, in the midst of the holiday season.  We were not able to meet with our client until early January.  In the meantime, the defendants pressed us for a mid-January mediation date, which they surely knew was  not feasible under the circumstances, particularly since we had no prior familiarity with or involvement in the case.  We spoke with counsel in December and emailed them on December 21, explaining that a January mediation date was unrealistic and that we had scheduled a meeting with our client in early January and would inquire as to her availability for a mediation in February.  We expressed in that email our strong preference for an in-person mediation and asked defendants to advise on their preference.  Defendants did not respond to our email.

      We learned that, contrary to the court's order, defendants' counsel had "agreed" with this unrepresented plaintiff to the appointment of a mediator and had "agreed" on a date for mediation

**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**

January 23, 2023
Page 2

*before* mediation counsel was assigned. We also learned that the defendants had "agreed" to take plaintiff's deposition on February 16, *before* plaintiff had obtained substitute trial counsel. Plaintiff's original attorneys withdrew from this case on September 28, 2022, and we are unaware of whether they sought or obtained any discovery from defendants prior to their withdrawal. A notation on the court docket indicates that discovery was slowed by the pandemic. Our understanding is that defendant Wong is presently incarcerated, having pled guilty to fraud and embezzlement in connection with his conduct as CEO of defendant MCU.

After speaking with our client and reviewing documents, we proposed the following dates for mediation: February 22, 23, 24, and 27, 2023 (subject, of course, to the mediator's schedule). Defendants recently advised us that they are unavailable during "President's Week" from February 20-24, declined our request for in-person mediation (ostensibly because it would be burdensome for their people to attend the mediation in person), and refused to postpone the plaintiff's deposition until after the mediation or until such time as plaintiff is able to obtain trial counsel. Defense counsel thereupon admonished us not to communicate with them concerning discovery.

Defendants' insistence on proceeding with the deposition of an unrepresented plaintiff raises serious questions as to whether they intend to engage in a good faith mediation in accordance with the Court's directive. If defendants are permitted to proceed with the plaintiff's deposition at a time when plaintiff is unrepresented and has obtained no discovery herself, they will have little, if any, incentive to mediate in good faith. Their better course would be to engage in a charade and thereafter continue to bully Ms. Akpe-Lewis in quest of a quick dismissal, knowing that plaintiff has obtained no discovery and much of the evidence concerning the circumstances of her abrupt termination after 17 years of service may never see the light of day. This scenario obviously would not be conducive to a successful or meaningful mediation. Nor would it serve the interests of justice.

In light of the foregoing, we respectfully ask the Court to schedule a conference, stay plaintiff's deposition pending mediation and afford plaintiff additional appropriate relief. Should the mediation be unsuccessful, the Court could then determine how the case can best proceed.

Respectfully yours,

Martin S. Hyman
Kelsey J. Davis

**GOLENBOCK EISEMAN ASSOR BELL & PESKOE** LLP

January 23, 2023
Page 3


cc: Ana C. Shields and Isaac S. Baskin, Attorneys for Defendant Municipal Credit Union, Norman Kohn and Shannon Mashburn
    Elior Shilo and Stephen Rickershauser, Attorney for Defendant Kam Wong